Anthony M. Cerreto, Esq. Informal Opinion Village Attorney No. 95-55 Village of Port Chester 10 Pearl Street Port Chester, N Y 10573
Dear Mr. Cerreto:
You have asked whether disciplinary proceedings against members of the village police department may be conducted by the village manager. In a telephone conversation, you explained that the manager would conduct the hearing and also make the ultimate decision as to discipline.
Currently, the village board of trustees conducts the hearing and determines the appropriate discipline. Under section 8-804 of the Village Law, the village board of trustees or municipal board (apparently a reference to Village Law § 3-308, which authorizes establishment of a board of police commissioners) is authorized to adopt rules and regulations for the determination of charges against members of the village police department. These regulations are subject to due process requirements and the ultimate decision on discipline is to be made by the board of trustees or other municipal board having jurisdiction. Under section 8-804, there is nothing to prevent the regulations from providing for another village officer, such as the village manager, to hear the charges but the ultimate decision must be made by the board of trustees or other board having jurisdiction. See also, Civil Service Law § 75(2).
In your village, the board of trustees has responsibility for conducting the hearing and for making the ultimate determination of discipline. While the village manager under section 8-804 of the Village Law, through an amendment of the regulations can be given authority to conduct the hearing, the transfer to the manager of responsibility for making the ultimate determination of discipline would be inconsistent with that statute. The question is whether your village may enact a local law authorizing the village manager to make the ultimate determination of discipline.
In our view, there is authority for the enactment of a local law to accomplish this result. Under Municipal Home Rule Law §10(1)(ii)(e)(3), a village board of trustees is authorized to enact a local law amending or superseding a provision of the Village Law dealing with matters falling within the scope of its home rule powers. A village board of trustees possesses home rule power to determine the powers, duties, qualifications, etc., of its officers and employees. Id., § 10(1)(ii)(a). Thus, in our view, the board of trustees may enact a local law amending section 8-804 of the Village Law to give the village manager authority to determine the discipline of police officers in accordance with the findings of fact made at the hearing. Since such a local law would transfer a power of an elective officer, in this case the board of trustees, it is subject to mandatory referendum. Id., § 23(2)(f).
We conclude that the village board of trustees may enact a local law, subject to mandatory referendum, transferring the authority to discipline police officers from the board of trustees to the village manager.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE
Assistant Attorney General in Charge of Opinions